No. 14-80031

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, et al., Individually and on
Behalf of All Others Similarly Situated,

Plaintiffs-Appellees,

vs.

TRUMP UNIVERSITY, LLC, et al.

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-GPC(WVG)
The Honorable Gonzalo P. Curiel

PLAINTIFFS-APPELLEES' MOTION TO DISMISS UNTIMELY RULE 23(f)
PETITION OR, IN THE ALTERNATIVE, EXTEND DEADLINE TO RESPOND
THERETO

| | |
|---|---|
| ROBBINS GELLER RUDMAN & DOWD LLP | ZELDES HAEGGQUIST & ECK, LLP |
| ERIC ALAN ISAACSON (120584) | AMBER L. ECK (177882) |
| JASON A. FORGE (181542) | HELEN I. ZELDES (220051) |
| RACHEL L. JENSEN (211456) | AARON M. OLSEN (259923) |
| 655 West Broadway, Suite 1900 | 625 Broadway, Suite 1000 |
| San Diego, CA 92101 | San Diego, CA 92101 |
| Telephone: 619/231-1058 | Telephone: 619/342-8000 |
| 619/231-7423 (fax) | 619/342-7878 (fax) |

Attorneys for Plaintiffs-Appellees and Class Counsel
[Additional counsel appear on signature page.]

923435_1

Plaintiffs-Appellees John Brown, J.R. Everett, Sonny Low, Tarla Makaeff, and Ed Oberkrom ("Plaintiffs"), by and through their undersigned attorneys, hereby move the Court, pursuant to Federal Rule of Appellate Procedure 27, for an order dismissing the above-captioned petition filed by Defendants-Appellants Donald J. Trump and his Trump University, LLC ("Defendants" or "Trump") with prejudice, or, in the alternative, an order extending the deadline for responding to said petition, for the reasons set forth in the attached argument.

## I. INTRODUCTION

Trump is quick to accuse the District Court of error, but not quick enough to meet the deadline for presenting such accusations to this Court. Trump's own error renders his Petition untimely and deprives this Court of jurisdiction to consider it. On February 21, 2014, the Honorable Gonzalo P. Curiel, District Judge, entered an order granting class certification in a case about Trump's violations of the consumer-protection laws of California, Florida, and New York (the "Class Certification Order"). Federal Rule of Civil Procedure 23(f) allows parties to petition this Court for permission to appeal such orders, but only if the petition is "filed with the circuit clerk within 14 days after the order is entered." Fed. R. Civ. P. 23(f); *see also* Fed. R. App. P. 5(a)(2). Federal Rule of Appellate Procedure 25(a)(2)(A) provides that a "filing is not timely unless the clerk receives the papers within the time fixed for filing." Fed. R. App. P. 25(a)(2)(A). For Trump's Petition to have been timely, the Clerk of this

Court had to receive it by Friday, March 7, 2014 – 14 days after the class certification order was entered. However, the Clerk of this Court received Trump's Rule 23(f) petition ("Trump's Petition") on March 10, 2014 – 17 days after the class certification order was entered. Rule 23(f)'s 14-day filing deadline is jurisdictional, and there is no exception to it.

Trump's Petition was untimely. When confronted with this reality, Trump further flouted the rules by refusing to withdraw his untimely Petition. Accordingly, Plaintiffs respectfully request that the Court dismiss Trump's untimely extra-jurisdictional Petition. Plaintiffs also respectfully request that the Court extend the deadline for their response to Trump's Petition so as to relieve them of this burden, unless and until the Court denies this motion to dismiss.

## II. PROCEDURAL BACKGROUND

This is not the first time this case has been before the Court. On April 17, 2013, this Court, through Chief Judge Kozinski and Judges Wardlaw and Paez, issued a opinion concerning Plaintiff Tarla Makaeff's special motion to strike Trump University's defamation counterclaim brought in retaliation for the filing of this class action. *See Makaeff v. Trump University, LLC*, No. 11-55016 (9th Cir.), Dkt. Entry 60-1. On April 30, 2013, Trump University filed a petition for rehearing en banc, and on November 27, this Court denied the petition. *See id.* Dkt. Entries 61, 73.

### A. The Class Certification Order Was Entered on February 21, 2014

As to the instant Petition for permission to prosecute a discretionary interlocutory appeal, the very cover of Trump's Petition describes it as an "Appeal from an Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification **Entered on February 21, 2014** by the United States District Court for the Southern District of California Case No. 3:10-cv-0940-GPC-WVG – Honorable Gonzalo P. Curiel." Trump's Petition (cover page).[1] Further, the table of contents for Trump's Petition provides the following description of the Class Certification Order:

> EXHIBIT 1: U.S. District Court Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification, *Entered on February 21, 2014*

*Id.* at ii (emphasis added). Similarly, Trump's Petition describes the relief sought as follows: "Defendants respectfully request that this Court grant their petition and accept review of the District Court's order of 2/21/14 granting class certification." *Id.* at 20. Likewise, the Certification Order itself confirms that the District Court signed it on February 21, 2014 (*see* Trump's Petition, Exhibit 1 at 36), and the docket below confirms the Certification Order was entered on February 21, 2014. *See Makaeff v. Trump*, No. 10-cv-00940 (S.D. Cal.), Dkt. Entry 298. Finally, this Court's General Docket for this case provides the following: "**Date Order/Judgment:** 02/21/2014."

---

[1] Here, and throughout, emphasis is supplied, and internal citations and quotation marks omitted unless otherwise indicated.

**B.     Clerk Received Trump's Petition on March 10, 2014**

As for the timing of Trump's Petition, the first entry in this Court's docket for this proceeding is dated 03/10/2014. Dkt. Entry 1. Specifically, the docket entry reads, "FILED ON 03/10/2014 PETITION FOR PERMISSION TO APPEAL PURSUANT TO RULE 23(f). SERVED ON 03/10/2014." *Id.* This Court's copy of Trump's Petition is also filed-stamped as received on March 10, 2014. Dkt. Entry 1, Doc. 3. Likewise, the General Docket for this case states the following: "**Date NOA filed:** 03/10/2014" and **Date Rec'd COA:** 03/10/2014." Finally, the proof of service attached to Trump's Petition contains a declaration that, on Friday, March 7, 2014, the original and 3 copies of the Petition were sent "for next business day delivery" to this Court's Office of the Clerk. *See* Trump's Petition, proof of service.

Tellingly, Trump's Petition does not contain a jurisdictional statement.

**III.     ARGUMENT**

"A petition for permission to appeal an order denying class certification must meet the requirements of Fed. R. App. P. 5 and be filed by the deadline specified in the statute or rule authorizing the appeal." *Eastman v. First Data Corp.,* 736 F.3d 675, 676 (3d Cir. 2013); *see* Fed. R. App. P. 5(a)(2) ("The petition must be filed within the time specified by the statute or rule authorizing the appeal . . . ."). Under Federal Rule of Civil Procedure 23, this Court may permit an appeal from an order granting or denying class certification only if the petition for permission to appeal is

filed "*within 14 days* after the order is entered." Fed. R. Civ. P. 23(f). Because Rule 23(f) is a rule of civil procedure, Federal Rule of Civil Procedure 6(a) governs the calculation of time to file the petition. *See Beck v. Boeing Co.,* 320 F.3d 1021, 1023 (9th Cir. 2003) (per curiam) ("Every one of our sister circuits that have considered the issue has held that Civil Rule 6(a) governs the timing of Rule 23(f) petitions."). Federal Rule of Civil Procedure 6(a)(1)(B) provides that, when computing time in terms of days, Saturday, Sundays and legal holidays are included. Fed. R. Civ. P. 6(a)(1)(B).

Federal Rule of Appellate Procedure 25(a)(2)(A) explicitly provides: "Filing may be accomplished by mail addressed to the clerk, *but filing is not timely unless the clerk receives the papers within the time fixed for filing*."[2] Although "[f]or good cause, the court may extend the time prescribed by these rules" for some filings, "*the court may not extend the time to file*: (1) a notice of appeal (except as authorized in Rule 4) or *a petition for permission to appeal*." Fed. R. App. P. 26(b); *see Eastman,* 736 F.3d at 677 ("the time limit set forth in Rule 23(f) is 'strict and mandatory.' Additionally, Fed. R. App. P. 26(b)(1) clearly states that this Court cannot extend the time for filing a petition for permission to appeal."); *Plata v. Davis*, 329 F.3d 1101,

---

[2] Fed. R. App. P. 25(a)(2)(B) provides an exception filing by First-Class Mail or third-party commercial carrier, *but that is expressly limited to the filing of a brief or an appendix*.

1107-08 (9th Cir. 2003) (Rule 23(f) filing deadline is jurisdictional, so Court lacks jurisdiction to consider untimely petitions); *M.D. v. Perry*, No. 13-90045, 2013 U.S. App. LEXIS 23367, at *3-*5 (5th Cir. Nov. 19, 2013) (same); *see also In re Benny*, 791 F.2d 712 (9th Cir. 1986) (Fed. R. App. P. 5 jurisdictional deadline for 28 U.S.C. §1292(b) interlocutory appeal); *Stone v. Hecklon*, 722 F.2d 464, 466 (9th Cir. 1983) (same).

This is not a close call. The Certification Order that Trump seeks to challenge was entered on February 21, 2014. Under Federal Rules of Civil Procedure 23(f) and 6(a), and Federal Rule of Appellate Procedure 5(a)(2), therefore, the filing deadline for Trump's Petition was March 7, 2014. *See* Fed. R. Civ. P. 6(a), 23(f); Fed. R. App. P. 5(a)(2). Thus, under Federal Rule of Appellate Procedure 25(a)(2)(A), to be timely this Court's Clerk had to **receive** Trump's Petition by March 7, 2014. *See* Fed. R. App. P. 25(a)(2)(A). But, this Court's Clerk did not receive Trump's Petition until March 10, 2014 – three days after the filing deadline. This deadline is mandatory, jurisdictional, and there is no exception. *See Eastman,* 736 F.3d at 677; *Plata,* 329 F.3d at 1107-08; *see also* Fed. R. App. P. 26(b)(1). Accordingly, Trump's Petition is untimely and fails to confer jurisdiction for this Court to consider his request for permission to appeal the Certification Order.

## IV. CONCLUSION

For the reasons set forth above, this Court should dismiss Trump's untimely Petition with prejudice. However, if this Court does not dismiss the Petition, Plaintiffs respectfully request that this Court extend their deadline to respond to the Petition to run from the date of any order denying Plaintiffs' motion to dismiss.

DATED: March 12, 2014          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIC ALAN ISAACSON
JASON A. FORGE
RACHEL L. JENSEN


s/ Eric Alan Isaacson
ERIC ALAN ISAACSON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
AMANDA M. FRAME
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

923435_1

          ZELDES HAEGGQUIST & ECK, LLP
          AMBER L. ECK
          HELEN I. ZELDES
          AARON M. OLSEN
          625 Broadway, Suite 1000
          San Diego, CA 92101
          Telephone: 619/342-8000
          619/342-7878 (fax)

          Attorneys for Plaintiffs-Appellees and
          Class Counsel

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certified that Plaintiffs-Appellees' Motion to Dismiss Untimely Rule 23(f) Petition or, in the Alternative, Extend Deadline to Respond Thereto uses a proportionally spaced Times New Roman typeface, 14-point, and that the text of the brief comprises 1506 words according to the word count provided by Microsoft Word 2003 word processing software.

s/ Eric Alan Isaacson
ERIC ALAN ISAACSON

9th Circuit Case Number(s) | 14-80031

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) March 12, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/Eric Alan Isaacson

*************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)

**Return to Service List Page**

**Service List for Case:** 14-80031 Tarla Makaeff et al v. Trump University LLC et al

**Current Associated Cases:** none

**CAUTION:** If the word *Active* is in the **ECF Filing Status** column, then your electronic filing will constitute service to the party.
If *Not Registered*, *Exempt*, *Exemption Expired*, *Pending*, *Rejected*, or *Suspended* appears in the **ECF Filing Status** column (or it is blank), then you must service this party by US Mail.

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Amber Eck<br>Zeldes Haeggquist & Eck, LLP<br>625 Broadway<br>San Diego, CA 92101<br>Email: Ambere@zhlaw.com | 14-80031 | Email | Active |
| Rachel L. Jensen<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: rachelj@rgrdlaw.com | 14-80031 | Email | Active |
| Jill Ann Martin<br>c/o Trump National Golf Club<br>One Ocean Trails Dr.<br>Rancho Palos Verdes, CA 90275<br>Email: jmartin@trumpnational.com | 14-80031 | Email | Active |
| Thomas R. Merrick<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: tmerrick@rgrdlaw.com | 14-80031 | Email | Active |
| Aaron M. Olsen<br>Zeldes Haeggquist & Eck, LLP<br>Suite 1000<br>625 Broadway<br>San Diego, CA 92101<br>Email: aarono@zhlaw.com | 14-80031 | Email | Active |
| David Keith Schneider<br>Yunker & Schneider<br>Suite 1400<br>655 West Broadway<br>San Diego, CA 92101<br>Email: dks@yslaw.com | 14-80031 | Email | Active |