No. 14-80031

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, et al. on Behalf of Themselves and
All Others Similarly Situated,

Plaintiffs-Respondents,

v.

TRUMP UNIVERSITY, LLC and DONALD J. TRUMP

Defendants-Appellants.

Case No. 10cv0940GPC (WVG)
Appeal from an Order Granting in Part and Denying in Part Plaintiffs' Motion for
Class Certification Entered On 2/21/14 by the United States District Court for the
Southern District of California
The Hon. Gonzalo P. Curiel

DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFF-APPELLEES'
MOTION TO DISMISS RULE 23(f) PETITION

| David K. Schneider (CSB 139288) | Jill A. Martin (CSB 245626) |
|---|---|
| YUNKER & SCHNEIDER | c/o Trump National Golf Club Los Angeles |
| 655 West Broadway, Suite 1400 | One Trump National Drive |
| San Diego, California 92101 | Rancho Palos Verdes, California 90275 |
| Telephone: (619) 233-5500 | Telephone: (310) 303-3225 |
| Facsimile: (619) 233-5535 | Facsimile: (310) 265-5522 |
| Email: dks@yslaw.com | Email: jmartin@trumpnational.com |

Attorneys for Defendants-Appellants
TRUMP UNIVERSITY, LLC AND DONALD J. TRUMP

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARLA MAKAEFF, et al. on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, et al.,<br><br>    Defendants-Appellants. | No. 14-80031<br><br>U.S. District Court for the Southern District of California<br>D.C. No. 3:10-cv-00940-GPC-WVG |

**DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO DISMISS UNTIMELY RULE 23(f) PETITION OR, IN THE ALTERNATIVE, EXTEND DEADLINE TO RESPOND THERETO**

Defendants-Appellants Trump University, LLC and Donald J. Trump respectfully submit their opposition to Plaintiffs-Appellees' Motion to Dismiss Defendants' Petition for Permission to Appeal Pursuant to FRCP 23(f). Plaintiffs' assertion that Defendants did not timely file their Petition is wrong.

Defendants do not dispute that on February 21, 2014, the United States District Court for the Southern District of California entered an Order Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification. Defendants also do not dispute that their Petition for Permission to Appeal Pursuant to FRCP

1

23(f) was due on March 7, 2014 (14 days after entry of the class certification decision). Plaintiffs are wrong, however, in their argument that Defendants did not meet this deadline.

On March 7, 2014, pursuant to Federal Rules of Appellate Procedure Rule 25(a)(2)(B)(ii), commonly known as the "mailbox rule," Defendants dispatched the Petition "to a third-party commercial carrier for delivery to the clerk within 3 days."[1] Under Federal Rules of Appellate Procedure Rule 25(a)(2)(B), by dispatching the Petition with the third-party carrier on the deadline for filing the brief, the Petition "is timely filed."[2]

Plaintiffs argue for five pages in their motion that the brief is untimely before even acknowledging this Rule. When they finally do so, they bury it in a footnote. Without any authority or any explanation, Plaintiffs seemingly argue that Rule 25(a)(2)(B) does not apply because it only applies to "a brief or appendix" and apparently take the position that the Petition is not a "brief." Notably, neither

---

[1] *See* Dkt 1-3 (proof of service showing that Defendants' Petition was served by FedEx on counsel for Plaintiffs and deposited with third party commercial carrier for next business day delivery to this Court).

[2] Rule 25(a)(2)(B) provides: "A brief or appendix is timely filed, however, if on or before the last day for filing it is:

   (i)     Mailed to the clerk by First-Class Mail, or other class of mail that is at least as expeditious, postage prepaid; or

   (ii)    Dispatched to a third-party commercial carrier for delivery to the clerk within 3 days."

2

the Rule itself nor its annotations state that the mailbox rule does not apply to petitions.

Such a tortured reading of the Rule is not only unsupported, but is contrary to the plain meaning of the term "brief." Black's Law Dictionary defines the term "brief" as:

> A written statement setting out the legal contentions of a party in litigation, esp. on appeal; a document prepared by counsel as the basis for arguing a case, constituting of legal and factual arguments and the authorities in support of them.

Black's Law Dictionary 152 (7th ed. 2000). Clearly, Defendants' Petition, a twenty page written statement setting forth their legal and factual arguments and authorities supporting such arguments, falls within the definition of a "brief." Plaintiffs do not provide any authority or explanation as to how the Petition does not fall within this definition. Thus, Plaintiffs' argument that Rule 23(a)(2)(B) does not apply is meritless.

Furthermore, Plaintiffs set forth no basis for why this Court should extend their deadline to respond to the Petition. As explained above, the Petition was timely filed. Importantly, the Petition was also timely served, and Plaintiffs make no argument to the contrary. Thus, this Court should deny Plaintiffs' request for additional time to respond to the Petition.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to dismiss in its entirety.

Dated: March 13, 2014               Respectfully submitted,


                                    s/ Jill A. Martin
                                    Jill A. Martin
                                    Attorneys for Defendants/Appellants

                                    c/o Trump National Golf Club
                                    One Trump National Drive
                                    Rancho Palos Verdes, CA 90275
                                    Tel: (310) 303-3225
                                    Fax: (310) 265-5522
                                    Email: jmartin@trumpnational.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that Defendants-Appellants' Opposition to Motion to Dismiss Untimely Rule 23(f) Petition or, in the Alternative, Extend Deadline to Respond Thereto uses a proportionally spaced Times New Roman typeface, 14-point, and that the text of the brief comprises 568 words according to the word count provided by Microsoft Word 2013 word processing software.

  /s Jill A. Martin
Jill A. Martin

## **CERTIFICATE OF SERVICE**
Case No. 14-80031

I hereby certify that on March 13, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on March 13, 2014.

                                        s/Jill A. Martin
                                        Jill A. Martin

                                        c/o Trump National Golf Club
                                        One Trump National Drive
                                        Rancho Palos Verdes, CA 90275
                                        Tel: (310) 303-3225
                                        Fax: (310) 265-5522
                                        Email: jmartin@trumpnational.com

**Return to Service List Page**

**Service List for Case:** 14-80031 Tarla Makaeff et al v. Trump University LLC et al

**CAUTION:** If the word *Active* is in the **ECF Filing Status** column, then your electronic filing will constitute service to the party.
If *Not Registered*, *Exempt*, *Exemption Expired*, *Pending*, *Rejected*, or *Suspended* appears in the **ECF Filing Status** column (or it is blank), then you must service this party by US Mail.

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Amber Eck<br>Zeldes Haeggquist & Eck, LLP<br>625 Broadway<br>San Diego, CA 92101<br>Email: Ambere@zhlaw.com | 14-80031 | Email | Active |
| Eric Alan Isaacson<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: erici@rgrdlaw.com | 14-80031 | Email | Active |
| Rachel L. Jensen<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: rachelj@rgrdlaw.com | 14-80031 | Email | Active |
| Jill Ann Martin<br>c/o Trump National Golf Club<br>One Ocean Trails Dr.<br>Rancho Palos Verdes, CA 90275<br>Email: jmartin@trumpnational.com | 14-80031 | Email | Active |
| Thomas R. Merrick<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: tmerrick@rgrdlaw.com | 14-80031 | Email | Active |
| Aaron M. Olsen<br>Zeldes Haeggquist & Eck, LLP<br>Suite 1000<br>625 Broadway<br>San Diego, CA 92101<br>Email: aarono@zhlaw.com | 14-80031 | Email | Active |
| David Keith Schneider<br>Yunker & Schneider<br>Suite 1400<br>655 West Broadway<br>San Diego, CA 92101<br>Email: dks@yslaw.com | 14-80031 | Email | Active |