No. 14-80031

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TARLA MAKAEFF, et al., Individually and on
Behalf of All Others Similarly Situated,

Plaintiffs-Respondents,

vs.

TRUMP UNIVERSITY, LLC, et al.

Defendants-Petitioners.

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-GPC(WVG)
The Honorable Gonzalo P. Curiel

PLAINTIFFS-RESPONDENTS' REPLY IN SUPPORT OF MOTION TO
DISMISS UNTIMELY RULE 23(f) PETITION

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>ERIC ALAN ISAACSON (120584)<br>JASON A. FORGE (181542)<br>RACHEL L. JENSEN (211456)<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) | ZELDES HAEGGQUIST & ECK, LLP<br>HELEN I. ZELDES (220051)<br>AMBER L. ECK (177882)<br>AARON M. OLSEN (259923)<br>625 Broadway, Suite 1000<br>San Diego, CA  92101<br>Telephone:  619/342-8000<br>619/342-7878 (fax) |

Attorneys for Plaintiffs-Respondents
[Additional counsel appear on signature page.]

925194_1

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | TRUMP'S PETITION FOR PERMISSION TO APPEAL IS UNTIMELY | 1 |
| III. | CONCLUSION | 7 |

925194_1

## I. INTRODUCTION

Trump's opposition concedes that the District Court entered its class-certification order on February 21, 2014. Dkt. Entry 5 at 1. Trump also concedes that his "Petition for Permission to Appeal Pursuant to FRCP 23(f) was due on March 7, 2014 (14 days after entry of the class certification decision)." *Id.* at 1-2. Last, Trump concedes that this Court's Clerk did ***not*** receive Trump's Petition until ***after*** March 7, 2014. *Id.* at 2.

Instead of contesting these obvious facts, Trump contests an equally obvious rule: Under Federal Rule of Appellate Procedure ("FRAP") 25(a)(2)(A), Trump's Petition had to be actually received by this Court's Clerk on or before March 7, 2014, in order to be timely. Trump's entire opposition turns on his argument that the so-called "mailbox rule" set forth in FRAP 25(a)(2)(B), which is expressly limited to a "brief or appendix," applies to any document containing "legal and factual arguments and authorities supporting such arguments." Dkt. Entry 5 at 3.

Trump provides no legal authority for what would be an unprecedented expansion of an exception that would swallow FRAP 25(a)(2)(A).

## II. TRUMP'S PETITION FOR PERMISSION TO APPEAL IS UNTIMELY

In their motion to dismiss Trump's Petition, Plaintiffs-Respondents cited several cases and rules plainly establishing its untimeliness. Trump responded with a

single citation – to an outdated edition of the *Black's Law Dictionary*, Dkt. Entry 5 at 3 – asserting that whatever the FRAP might say, a "brief" refers to any document containing legal arguments.

Had Petitioners consulted the current edition of *Black's Law Dictionary*, they would have found the following definition of an "appellate brief": "A brief submitted to an appeals court; specif., a brief filed by a party to an appeal pending in a court exercising appellate jurisdiction." *Black's Law Dictionary* 218 (9th ed. 2009). Trump's Petition *seeking permission to appeal* clearly is not an appellate brief, for there is as yet no appeal to be briefed. If such a petition is granted, the date of the order granting the petition "serves as the date of the notice of appeal for calculating time under these rules." Fed. R. App. P. 5(d)(2). Only then is an appeal even docketed. Fed. R. App. P. 5(d)(3).

Nonetheless, Petitioners contend that because their petition contained legal and factual arguments, it meets their definition of a brief, and thus must also qualify as a "brief" as that term is used in the FRAP. But that is simply not how "brief" is used in the rules. The FRAP clearly employs the term "brief" *only* in reference to the parties' briefs on the merits under FRAP 28 and 28.1, and to briefs of *amici curiae* under FRAP 29.

FRAP 5 governs petitions for permission to appeal, but never uses the term "brief" to describe the petition or any other papers associated with it. In fact, FRAP 5(c) mandates that "all papers" filed in connection with a petition for permission to appeal "must conform to Rule 32(c)(2)." *See* Fed. R. App. P. 5(c).

FRAP 32, in turn, features three separate subsections for three separate categories of filings – briefs, appendices, and "other papers." FRAP 32(a) governs briefs which must, for example, have colored covers. *See* Fed. R. App. P. 32(a)(2). FRAP 32(b) governs the form of an appendix. And FRAP 32(c), with which FRAP 5(c) says a petition for permission to appeal shall comply, governs not briefs, but "other papers":

> **(c)    Form of Other Papers.**
>
> **(1)    Motion.** The form of a motion is governed by Rule 27(d).
>
> **(2)    Other Papers.** Any other paper, including a petition for panel rehearing and a petition for hearing or rehearing en banc, and any response to such a petition, must be reproduced in the manner prescribed by Rule 32(a), ***with the following exceptions***:
>
>> **(A)** A cover is not necessary if the caption and signature page of the paper together contain the information required by Rule 32(a)(2). ***If a cover is used, it must be white***.

Fed. R. App. P. 32(c) (emphasis added).

- 3 -

If FRAP 5 petitions for permission to appeal were briefs, one would expect FRAP 5(c) to mandate that they comply with the form requirements of FRAP 32(a), which applies to "briefs," as opposed to FRAP 32(c), which applies to "other papers." Petitioners themselves clearly understood their own Petition for Permission to Appeal was not a brief governed by FRAP 32(a), but a petition governed by FRAP 32(c): Its cover is white, they titled it a "petition" rather than a "brief," and they adhered to the 20-page limit for a FRAP 5 petition. *See* Dkt. Entry 1-3.

Petitions do not qualify as briefs merely because they include legal argument. A petition for rehearing or for rehearing en banc must contain arguments supporting the filer's position. Yet a petition for rehearing is not a brief governed by FRAP 32(a), but one of the "other papers" governed by FRAP 32(c). *See* Fed. R. App. P. 32(c). More to the point: This Court holds that rehearing petitions, with their legal and factual arguments, are subject to FRAP 25(a)(2)(A)'s requirement that "'filing is not timely unless the clerk receives the papers within the time fixed for filing.'" *United States v. James*, 146 F.3d 1183, 1184 (9th Cir. 1998). Where such papers "are mailed to the clerk, but not received by the clerk, by the end of the time period for filing, this rule compels the conclusion that the filing is untimely." *Id*. "It does not matter that the petition was served on opposing counsel" by the due date,

925194_1

"and perhaps mailed to the court on that date." *Id*. Neither does it matter that such a petition contains legal and factual argument.

Many other documents filed with this Court include arguments and citations, yet clearly are not "briefs" as that term is used in the FRAP. For example, FRAP 27 governs "motions," providing that: "A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. App. P. 27(a)(2). Yet, motions are not "briefs" under the FRAP. "The form of a motion is governed by [FRAP] 27(d)," Fed. R. App. P. 32(c)(1) ("Form of Other Papers"), whereas "briefs" are governed by FRAP 28 and 32(a). *See* Fed. R. App. P. 28 ("Briefs"), 32(a) ("Form of Briefs, Appendices, and **Other Papers**," setting forth separately the form of briefs, appendices and other papers, such as motions and petitions).

Petitions seeking this Court's review have never qualified as "briefs" subject to FRAP 25(a)(2)(B)'s mailbox rule. Petitions for review of an administrative agency's order generally must be filed within 30 days of the order's entry, and in *Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007), a petitioner's "attorney used the carrier DHL to send the petition for review by overnight delivery 29 days after the final order of removal, but the petition did not arrive and was not filed in this court until 31 days after the final order of removal." The filing was untimely, requiring this

- 5 -

925194_1

Court to "dismiss this petition for review for want of jurisdiction." *Id*. at 1191-92. And *Sheviakov v. INS*, 237 F.3d 1144 (9th Cir. 2001), similarly held that a petition for review of an administrative decision cannot be deemed filed when mailed, noting: "There is a long established set of reasons for rejecting mailbox rules and requiring receipt for critical papers where dates are jurisdictional." *Id*. at 1147. Petitions for review, like petitions for permission to appeal, must be filed within a specified number of days following the entry of the order whose review is sought, and must be received by the clerk's office – not merely mailed – within that time.[1]

The closest analog to a FRAP 5 petition for permission to appeal under Federal Rule of Civil Procedure 23(f), of course, is a FRAP 5 petition for permission to appeal under 28 U.S.C. §1292(b). *See, e.g.*, *In re Benny*, 791 F.2d 712, 719-20 (9th Cir. 1986). But the mailbox-rule exception has never applied to petitions for leave to appeal under FRAP 5. *See Hayes v. Seaboard C. L. R. Co.*, No. 2145, 1971 U.S. App.

---

[1] *See id*. Other circuits agree that FRAP 25(a)(2)(B)'s mailbox rule does not apply to petitions for review. *See, e.g.*, *Curuta v. Office of Chief Admin. Hearing Officer*, 398 F.3d 329, 331 (5th Cir. 2005) ("The Rules make an exception for a brief or appendix that is mailed within the filing deadline, but Curata's petition does not fall under this exception. Fed. R. App. P. 25(a)(2)(B)."); *Mohammed v. Dep't of Homeland Sec.*, 312 F. App'x 393, 394 (2d Cir. 2009) ("provisions of Rule 25(a)(2)(B) are inapplicable here because, *inter alia*, they apply only to briefs and appendices, not petitions"); *Shipley-Johnson v. USPS*, 401 F. App'x 547, 548 (Fed. Cir. 2010); *Howard v. MSPB*, 392 F. App'x 857, 858 (Fed. Cir. 2010); *Wadhwa v. Dep't of Veterans Affairs*, 370 F. App'x 107, 107-08 (Fed. Cir. 2010).

LEXIS 8427, at *1 (5th Cir. Aug. 20, 1971). And, when the Fifth Circuit recently considered the question of whether Rule 25(a)(2)(A)'s actual-receipt requirement applied to petitions for permission to appeal under Rule 23(f), it firmly held: "Under Federal Rule of Appellate Procedure 25(a)(2)(A) and Fifth Circuit Rule 26.1, this Court must actually receive the petition in order for the filing to be timely. Thus, this Court had to actually receive the filing by September 10. This Court did not receive the filing until September 11." *M.D. v. Perry*, No. 13-90045, 2013 U.S. App. LEXIS 23367, at *4-*5 (5th Cir. Nov. 19, 2013) (unpublished). After observing that the Court's actual receipt of the petition for permission to appeal the district court's class-certification order occurred one day after the deadline, the Court dismissed the petition. *Id.* at *6-*7.

Here, too, Trump's Petition was not received by the Clerk of Court until after the deadline had already run. Accordingly, the Petition is untimely and should be dismissed.

**III. CONCLUSION**

Petitions for permission to appeal class-certification orders are timely only if the Court's Clerk actually receives such petitions within 14 days of the entry of such orders. Trump concedes that this Court's Clerk did not receive his petition until later than 14 days after entry of the District Court's class-certification order. Accordingly,

- 7 -

925194_1

Plaintiffs-Respondents respectfully request that the Court dismiss Trump's untimely petition.

DATED: March 19, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIC ALAN ISAACSON
JASON A. FORGE
RACHEL L. JENSEN

      s/ Eric Alan Isaacson
ERIC ALAN ISAACSON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
AMANDA M. FRAME
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ZELDES HAEGGQUIST & ECK, LLP
HELEN I. ZELDES
AMBER L. ECK
AARON M. OLSEN
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiffs-Respondents

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certified that Plaintiffs-Respondents' Reply in support of motion to dismiss untimely Rule 23(f) Petition uses a proportionally spaced Times New Roman typeface, 14-point, and that the text of the reply comprises 1,707 words according to the word count provided by Microsoft Word 2010 word processing software.

s/ Eric Alan Isaacson
ERIC ALAN ISAACSON

9th Circuit Case Number(s) [ ]

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [ ].

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) [ ]

*********************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [ ].

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

[ ]

Signature (use "s/" format) [ ]